NOT DESIGNATED FOR PUBLICATION

No. 123,143

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY T. VAP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed March 26, 2021.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before SCHROEDER, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: Jeffrey T. Vap was initially granted probation in this case even
though he committed new crimes while he was on felony bond in another case. After Vap
committed several probation violations, the district court revoked his probation and
ordered him to serve his underlying prison sentence. Vap appeals, arguing the district
court abused its discretion by revoking his probation and imposing his underlying prison
sentence. Vap filed a motion for summary disposition in lieu of briefs under Supreme
Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded to Vap's motion and
requested we affirm the district court's judgment. We granted Vap's motion for summary
disposition and, finding no error, we affirm.

1

In 2013, while Vap was on probation in 12CR520 (having been convicted of four counts of theft by deception), the State charged Vap with three more counts of theft by deception in violation of K.S.A. 2012 Supp. 21-5801(a)(2) and (b)(3), each a nondrug severity level 9 nonperson felony. In July 2014, Vap pled no contest to and was convicted of all three counts of theft by deception. Under K.S.A. 2014 Supp. 21-6604(f)(4), or Special Rule 10, the district court held Vap qualified for presumptive prison because he committed the crimes while on felony bond. However, the district court granted probation upon Vap's completion of a 30-day jail sanction.

In October 2014, the district court imposed a 22-month prison sentence with 12 months' postrelease supervision. The district court ordered Vap's sentence run consecutive to the 12-month sentence imposed in 12CR520, for a controlling prison sentence of 34 months. Vap was then granted probation for 36 months to begin after serving a 30-day jail sentence. However, the district court allowed Vap 10 days to attempt to sell some equipment and pay restitution before reporting to serve the 30-day jail sentence.

The district court, among its many probation requirements, specifically required Vap to: (1) refrain from working as a self-employed sole proprietor or independent contractor; (2) refrain from possession, use, or consumption of drugs and alcohol; and (3) submit to random breath, blood, or urine testing as directed by his probation officer.

Shortly after the sentencing hearing, the State filed a motion for review to determine what efforts Vap had made to liquidate assets and pay restitution. Vap provided evidence he paid over $48,000 in restitution, nearly satisfying his outstanding balance, and further asked the district court to modify his jail sentence to house arrest due to health issues. The district court granted Vap's request and modified his jail sentence to house arrest, allowing him to leave for work so long as he was not working as an independent contractor.

In August 2015, the State filed a probation violation warrant, alleging Vap violated the terms of his probation by entering a contract for concrete work and other labor at a private residence and not completing the work. At the revocation hearing in October 2015, Vap admitted to the alleged violations but argued for leniency because he had removed himself from the construction project and refunded the victim. The district court revoked and reinstated Vap's probation, extended his probation until July 2017, and ordered him to serve a 30-day jail sanction.

In May 2016, the State requested a new warrant, alleging Vap violated the terms of his probation by accepting a cash deposit for a construction job he never started or completed. The district court held a probation revocation hearing in March 2020, and Vap did not contest the allegations from the May 2016 warrant.

In February 2020, the State filed another warrant, alleging Vap again violated the terms of his probation by testing positive for THC. The district court also acknowledged this probation violation at the March 2020 hearing, and the dispositional hearing was continued to July 2020. At the July 2020 hearing, the district court revoked Vap's probation in this case, 13CR1531, and in his other case, 12CR520. The district court ordered Vap to serve his original prison sentence because of his continual failure to comply with the terms of probation. The district court explained Vap was not amenable to probation and, if his sentence was modified again, the district court would be rewarding almost 10 years of neglected obligations while on probation.

On appeal, Vap contends the district court erred when it revoked his probation and ordered him to serve his underlying prison sentence because he has significant health issues and has already paid restitution to make the victims whole.

Once the district court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court. *State*

3

*v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The burden is on Vap to show the district court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Vap identifies no error of fact or law underlying the district court's decision. He admitted to violating the terms of his probation when he continued working as a self-employed contractor.

Initially, the district court did not send Vap to prison for committing these crimes while on felony bond in 12CR520, and it also gave him another chance when it revoked and reinstated his probation in October 2015 after he admitted to more violations for working as a self-employed contractor. The district court provided Vap with multiple opportunities to comply with the terms of his probation, and he failed to do so. Finally, in July 2020, the district court determined Vap had exhausted his opportunities to remain on probation and should not be rewarded for neglecting his probation obligations for nearly 10 years.

Vap has not demonstrated the district court's decision was arbitrary, fanciful, or unreasonable. The district court was well within its statutory authority and sound discretion to revoke Vap's probation and order him to serve his underlying sentence after first granting him a departure sentence to probation and by later imposing intermediate sanctions for his probation violations. See K.S.A. 2020 Supp. 22-3716(c)(7)(B); K.S.A. 2020 Supp. 22-3716(c)(1)(C). Vap failed to be successful on probation. We observe no abuse of discretion by the district court.

Affirmed.